# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 22-519


**RODRIGUEZ FONTENOT, ET AL.**

**VERSUS**

**RYAN LEDAY WILLIAMS, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 80130, DIV. B
HONORABLE CHUCK R. WEST, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Chief Judge, Shannon J. Gremillion and Jonathan W. Perry, Judges.


**AFFIRMED.**

**R. Gray Sexton**
**Alesia M. Ardoin**
**Blane A. Wilson**
**8680 Bluebonnet Blvd., Suite D**
**Baton Rouge, Louisiana  70810**
**(225) 767-2020**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Rodriguez Fontenot**


**Christopher M. Ludeau**
**Fontenot & Ludeau, LLC**
**Post Office Box 69**
**Ville Platte, Louisiana  70586**
**(337) 363-2388**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Ryan Leday Williams**


**Nicholas A. Monier**
**Monier Law Firm, LLC**
**504 West Main Street**
**Ville Platte, Louisiana  70586**
**(337) 506-2500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Catherine Renee Brown**

**PERRY, Judge.**

Did the burden of proof pendulum move enough to establish a prima facie case brought by the Plaintiff/Appellant?

Rodriguez Fontenot ("Fontenot") appeals from a judgment of the trial court which dismissed his suit challenging the eligibility of Ryan Leday Williams ("Williams") and Catherine Renee Brown ("Brown") as candidates for Mayor of the Town of Ville Platte. We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 20, 2022, Williams and Brown qualified to run for the office of mayor of Ville Platte in the primary election to be held on November 8, 2022.[1] On July 29, 2022, Rodriguez Fontenot[2] ("Fontenot") filed a "Petition Objecting to Candidacy" which alleged Williams and Brown do not meet the qualifications, as set forth in La.R.S. 33:384 and La.R.S. 18:451, to seek the position of Mayor of the Town of Ville Platte. Fontenot's objections were tried on August 4, 2022. At the conclusion of Fontenot's case-in-chief, defendants moved for directed verdicts[3] on the basis that Fontenot had not sustained his burden to make a *prima facie* showing that Williams and Brown were not domiciled within Ville Platte for a full year at the time of qualification and, therefore, not qualified to run for mayor thereof. The trial court granted defendants' motions, and, on August 5, 2022, judgment was signed

---

[1] Qualifying in Louisiana for the November 8, 2022, election was held July 20, 21, and 22, 2022.

[2] Jarvis Richard ("Richard") joined in this suit as a co-plaintiff, but his claims were dismissed pursuant to an exception of lack of procedural capacity filed by Williams. The trial court's judgment dismisses the actions of both Fontenot and Richard. Only Fontenot appealed; thus, only Fontenot is before us.

[3] Although counsel for defendants moved for directed verdicts, being a bench trial, we treat defendants' motions as requests for involuntary dismissals. *See State in the Interest of J.A.*, 99-2905 (La. 1/12/00), 752 So.2d 806, 805 n.5. Motions for directed verdicts are utilized in trials before a jury. *See* La.Code Civ.P. art. 1810.

dismissing Fontenot's petition "for failure to establish a *prima facie* case of disqualification" against Williams and Brown. On August 5, 2022, Fontenot filed a notice of appeal.

On appeal, Fontenot asserts the trial court erred in finding he failed to make a *prima facie* showing that Williams and Brown were not "'domiciled and actually resid[ing]' in the City of Ville Platte, and [were] therefore not qualified to run for the office of mayor." He further submits "the trial court erred in its finding that a present intent to run for mayor in a race three months away supplants the permanent intent necessary to establish a habitual residence away from their families."

## LAW AND DISCUSSION

Ville Platte is a Lawrason Act municipality and, as such, is subject to the requirements of La.R.S. 33:384 and La.R.S. 18:451. The statute governing the qualifications for mayor of a municipality, La.R.S. 33:384 provides, "The mayor shall be an elector of the municipality who at the time of qualification as a candidate for the office of mayor shall have been domiciled and actually resided for at least the immediately preceding year in the municipality." Louisiana Revised Statutes 18:451, relative to "qualifications of candidates," specifically requires that when "the qualifications for an office include a residency or domicile requirement, a candidate shall meet the established length of residency or domicile as of the date of qualifying[.]"

The laws governing the conduct of elections must be liberally interpreted to give the electorate the widest choice of candidates, thus, the party objecting to candidacy bears the burden of proving the candidate is disqualified. *Landiak v. Richmond*, 05-758 (La. 3/24/05), 899 So.2d 535; *Russell v. Goldsby*, 00-2595 (La. 9/22/00), 780 So.2d 1048. "Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public

2

office." *Landiak*, 899 So.2d 535, 541 (citing *Becker v. Dean*, 03-2493 (La. 9/18/03), 854 So.2d 864).

In *Landiak*, 899 So.2d at 542, our supreme court explained the burden of proof of an objector as follows:

> Generally, the legal term "burden of proof" "denotes the duty of establishing by a fair preponderance of the evidence the truth of the operative facts upon which the issue at hand is made to turn by substantive law." *Black's Law Dictionary* (8th ed). Under Louisiana's civil law, the "burden of proof" may shift back and forth between the parties as the trial progresses. Therefore, when the burden of proof has been specifically assigned to a particular party, that party must present sufficient evidence to establish the facts necessary to convince the trier of fact of the existence of the contested fact. Stated another way, the party on which the burden of proof rests must establish a *prima facie* case. If that party fails to carry his burden of proof, the opposing party is not required to present any countervailing evidence.

In the case before us, Fontenot did not make the pendulum swing to the defendants' side of the burden of proof.

At trial, Fontenot sought to establish Williams was not domiciled at 123 East Beech Street, Ville Platte, the address provided on Williams' notice of candidacy; and Brown was not domiciled at 1629 West Main Street, Ville Platte, the address provided on Brown's notice of candidacy. It is undisputed that both addresses are within the city limits of Ville Platte. Fontenot claims Williams and Brown are instead domiciled at addresses of other residences owned by them but not within the city limits.

At the conclusion of Fontenot's case-in-chief, defendants sought dismissal on the bases that Fontenot failed to establish a *prima facie* case. Louisiana Code of Civil Procedure Article 1672(B) provides the basis for an involuntary dismissal at the close of a plaintiff's case in a bench trial, providing:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground

that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

In determining whether involuntary dismissal should be granted, the appropriate standard is whether the plaintiff has presented sufficient evidence in its case-in-chief to establish a claim by a preponderance of the evidence. *Woods v. Preis PLC*, 21-221 (La.App. 3 Cir. 11/3/21), 330 So.3d 1128, *writ denied*, 21-1808 (La. 1/26/22), 332 So.3d 83. Much discretion is given to a trial court's ruling on a motion for involuntary dismissal, and a reviewing court may not reverse a ruling on a motion for involuntary dismissal unless it is manifestly erroneous or clearly wrong. *Id*. From our review of the evidence before the trial court at the close of Fontenot's case-in-chief, we conclude the trial court was not manifestly erroneous or clearly wrong in granting defendants' motions for involuntary dismissal.

In his case-in-chief, Fontenot called as witnesses Tiffany Poullard Anderson, Kylie Foret Soileau, Jonathan Stelly, Sarah Stelly, and plaintiff himself. The record contains documentary evidence consisting of sworn, notarized notice of candidacy forms, homestead exemption notices, motor vehicle registration documents, candidate financial reports, and records that show water and electricity usage at 123 East Beech Street for Williams and 1629 West Main Street for Brown.

In his testimony, Fontenot stated that he lived near 123 East Beech Street, Ville Platte, the address provided on Williams' notice of candidacy. Fontenot alleged Williams was occasionally at the Beech Street home making repairs because it was a rental property Williams owned, but Williams never lived in the home. Fontenot further testified he was also familiar with the residence at 1629 West Main Street, Ville Platte, the address provided on Brown's notice of candidacy. According to Fontenot, he approached a woman living at the home at 1629 West Main Street to

4

offer his services as a lawn man; however, he did not know the name of the woman to whom he spoke, and he denied knowing Brown.

Tiffany Poullard Anderson ("Anderson") testified she lived at 123 East Beech Street, Ville Platte, from July 2020 until July 2021. She acknowledged, however, that water bills for 123 East Beech Street appeared in her name through October 2021, electricity bills appeared in her name through November 2021, and that her divorce papers, notarized on September 8, 2020, listed her address as 123 East Beech Street, Ville Platte. On cross-examination, counsel for Williams introduced a lease agreement between Anderson and Williams, indicating the lease started on July 15, 2020, and ended on July 15, 2021. Anderson testified she received a refund of her lease deposit from Williams on July 14, 2021, after which she moved to Pineville. Anderson stated Williams reimbursed her for utility payments she made after she moved, and she testified Williams moved into the home at 123 East Beech Street when she moved out in July 2021.

Kylie Foret Soileau ("Soileau") testified that she has lived with Brown at 1629 West Main Street since the end of April 2022. According to Soileau, Brown lived at the residence prior to Soileau and Brown stays at 1629 West Main Street three or four times a week. Soileau stated that since she has been living at the residence, she pays the water and electricity bills.

Jonathan Stelly ("Stelly"), a private investigator, testified that he and his wife, Sarah,[4] conducted surveillance on Williams' residences at 123 East Beech Street and 1049 Rachel Drive from July 8, 2022 to August 2, 2022. During his surveillance of Williams, spot checks of Williams' residences were performed, which was described

---

[4] Sarah Stelly also testified. Her testimony, however, was offered solely for the purpose of authenticating photographs taken by her and included in the investigative report composed by and offered into evidence during the testimony of her husband, Jonathan.

5

as observations lasting from a few seconds in passing to at most five minutes at a time, acknowledging he did, in fact, observe Williams, his vehicle, and his dog, at the 123 East Beech Street residence.

Stelly testified that he and his wife also conducted surveillance on Brown's residences at 1629 West Main Street and 1226 Huckleberry Lane for nineteen days, beginning on July 15, 2022. Stelly admitted he did not see Brown at either residence, but he surmised Brown lived at 1226 Huckleberry Lane because a search of the garbage revealed mailing envelopes addressed to Brown and discarded bathroom contents, including toilet paper, Q-tips, contact lens case, and "a roll of long womens [hair] as if it came off of a hair brush."

Under cross-examination, Williams acknowledged that he owns a home at 1049 Rachel Drive, an address outside the town limits of Ville Platte, and has owned that home for several years. He lived at 1049 Rachel Drive with his wife, child, and mother-in-law, and claimed his homestead exemption was kept on that home until it was removed in 2021. However, since mid-July 2021, Williams has lived at 123 East Beech, with his homestead exemption on that home since April 2022. Williams claimed that his wife, Angelica, stays with him some of the time albeit most of his time at 123 East Beech Street is spent alone.

Records for water usage were admitted into evidence showing water bills for 123 East Beech Street remained in Anderson's name until October 12, 2021. According to Williams, despite his name not appearing on those bills, he paid the water bills because he lived at 123 East Beech Street since Anderson moved out in mid-July 2021.

Records for electricity usage from Cleco were also admitted into evidence, showing electric service at 123 East Beech Street was established in Williams' name in January 2022. According to Williams, he paid the electric bills since he began

living at 123 East Beech Street in mid-July 2021. Williams testified he did not stay every night at 123 East Beech Street and explained his electricity meter was recently replaced, suggesting sporadic or low electrical usage was due, in part, to a malfunctioning meter.

Under cross-examination, Brown acknowledged that she owns a home at 1226 Huckleberry Lane, an address outside the town limits of Ville Platte, and has owned that home with her husband since it was built in 2010. However, since the beginning of 2021, Brown has lived at and claimed her homestead exemption on her home at 1629 West Main Street. Brown stated Soileau has lived with her since April 2022.

Considering all the documentary and objective evidence together, we find that the plaintiff did not carry his initial burden of providing that each of the candidates—Williams and Brown—were not qualified for the office they seek because of lack of domicile. Fontenot's evidence does little to establish Williams and Brown do not reside at the homes listed on each candidate's notice of candidacy—123 East Beech Street for Williams and 1629 West Main Street for Brown. While Williams and Brown admittedly split their time at different residences, they are not prohibited from having more than one residence. *See* La.R.S. 33:384. As stated by our supreme court in *Russell*, 780 So.2d at 1052, "Courts must be cognizant of the realities of modern life, in which the demands of a career and other factors often require people to spend a large amount of time at different locations." Thus, we find no clear error in the trial court's determination that Fontenot's evidence was insufficient to make a *prima facie* case that Williams and Brown are ineligible to run for the office of Ville Platte Mayor during the November 8, 2022, election.

**DECREE**

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff/Appellant, Rodriquez Fontenot.

7

**AFFIRMED.**